UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DONNA GABERT, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>DOLLAR TREE STORES, INC., )<br>      Defendant. ) | C.A. No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Dollar Tree Stores, Inc. ("Defendant") hereby gives notice of the removal of this action that is currently pending in the Superior Court of New Hampshire in Hillsborough County, Northern District, captioned <u>Donna Gabert v. Dollar Tree Stores, Inc.</u>, Civil Action No.: 216-2020-CV-00869, to the United States District Court for the District of New Hampshire. As grounds for removal, Defendant states as follows:

1. Defendant removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. <u>See</u> 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

## BACKGROUND

2. On or about December 10, 2020, Plaintiff Donna Gabert ("Plaintiff") filed a complaint in the New Hampshire Superior Court for Hillsborough County, Northern District, naming Dollar Tree Stores, Inc. as defendant. <u>See</u> Pl.'s Compl.

3. Plaintiff alleges that she sustained "acute and permanent bodily injury, requiring her to incur medical expenses, to lose wages, and to endure great pain and suffering, now and in the future" as a result of an alleged fall on January 28, 2018.  See id. at ¶¶ 5,12.

4. Plaintiff did not otherwise describe the nature of her alleged injuries or itemize her alleged special damages.  See id.

5. On or about February 17, 2021, Plaintiff served her Rule 22 Automatic Disclosures, in which Plaintiff claimed more than $56,000 in medical special damages and produced medical records in support of her alleged injuries.  (Aff. Matthew J. Lynch ("Lynch Affidavit") ¶ 2.)

6. Plaintiff's medical records show that Plaintiff suffered a left wrist fracture that required surgery and the insertion of hardware into her wrist, an operation that Plaintiff had on January 31, 2018.  (Lynch Affidavit ¶ 3.)

7. After this operation, Plaintiff participated in physical therapy and was discharged in June 2018.  (Lynch Affidavit ¶ 4.)

8. Plaintiff returned to her physical therapist in August 2018, complaining of stiffness, "heavy" sensations, paresthesias in the morning, pain with motion and the inability to perform tasks such as opening jars.  (Lynch Affidavit ¶ 5.)

9. On December 5, 2018—more than 10 months after her alleged fall—Plaintiff reported that she was in "near constant" pain that was not helped by heat or ice, and Plaintiff complained of associated numbness and tingling.  (Lynch Affidavit ¶ 6.)

10. In January 2019, Plaintiff reported that she was unable to use her left wrist with all activities as a result of her pain. (Lynch Affidavit ¶ 7.)

11. In March 2019, Plaintiff was diagnosed with "concomitant carpal tunnel" that was purportedly "related to" her wrist fracture. (Lynch Affidavit ¶ 8.)

12. On May 16, 2019, Plaintiff had another operation to release her alleged carpal tunnel syndrome and to remove the plate inserted during her earlier, January 31, 2018 surgery. (Lynch Affidavit ¶ 9.)

13. As recently as January 2020—approximately two years after her alleged fall—Plaintiff complained of continued pain in her wrist. (Lynch Affidavit ¶ 10.)

14. Upon information and belief, Plaintiff alleges permanent injuries and/or limitations to her wrist/hand as a result of her alleged fall. (Lynch Affidavit ¶ 11.)

## TIMELINESS OF REMOVAL

15. Defendant was served with the Complaint on or about December 23, 2020, and the Complaint did not identify the nature of Plaintiff's alleged injuries or damages. See Pl.'s Compl. On or about February 17, 2021, Dollar Tree received Plaintiff's Rule 22 Automatic Disclosures, in which Plaintiff first (1) itemized her alleged special damages and (2) described the nature and extent of her alleged injuries and limitations from her fracture, her allegedly related carpal tunnel syndrome and the two surgeries she had to insert and remove hardware and to release her alleged carpal tunnel syndrome. (Lynch Affidavit ¶¶ 2-11.)

16. This Notice of Removal is timely because it is filed within 30 days from the date that Defendant first received an amended pleading, motion, order or other paper from which Dollar Tree could ascertain that the case is or has become removable. See 28 U.S.C. § 1446(b)(2); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344,

348 (1999); Univ. Truck & Equip Co., Inc. v. Southworth-Milton, Inc., 765 F.3d 103, 107 (1st Cir. 2014).

## DIVERSITY OF CITIZENSHIP

17. Complete diversity of citizenship exists in this matter because Defendant is a citizen of a different state than Plaintiff.  See 28 U.S.C. § 1332(a).

18. Plaintiff alleges that she is an individual residing in the State of New Hampshire. Plaintiff is therefore a citizen of New Hampshire for diversity purposes.

19. At the time of the filing of the Complaint, defendant Dollar Tree Stores, Inc. was, and currently is, a corporation formed under the laws of Virginia with its principal place of business at 500 Volvo Parkway, Chesapeake, Va.  Defendant Dollar Tree Stores, Inc. is therefore not a citizen of New Hampshire for diversity purposes.

20. There is complete diversity between Plaintiff and Defendant in this action because Plaintiff is a citizen of the State of New Hampshire and Defendant is not a citizen of the State of New Hampshire.  See 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

21. Plaintiff's alleged injuries create a reasonable expectation that the amount in controversy will exceed the minimum of $75,000 required for diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

22. Plaintiff alleges that her injuries include a fractured left wrist and concomitant carpal tunnel syndrome that required at least two operations, the first in January 2018 and then more than one year later in May 2019. Plaintiff's itemized medical expenses total at least $56,180.93, and Plaintiff would be entitled to recover pain and suffering for the injuries she alleges are permanent and caused pain, which Plaintiff at times described as "near

constant," for more than two years after her alleged incident, according to Plaintiff's medical records.

23. Juries in New Hampshire have awarded well over $75,000 in cases involving a fractured wrist that required surgery. See Lynch Affidavit ¶ 12, Exhibit A (collected cases): Chandler v. Kelley, 1995 Jury Verdicts LEXIS 83938 (N.H. Sup. Ct. 1995) (jury awarded $85,000 – over $145,000 in 2021 dollars – in case involving left thumb ligament requiring surgery and lumbar vertebra fracture); Pollard v. Happy Days, et al., 1989 Jury Verdicts LEXIS 45823 (N.H. Sup. Ct. 1989) (jury awarded $97,200 – over $260,000 in 2021 dollars – in a case involving fractured wrist and hip).

24. Moreover, Plaintiff herself contends that her damages are in excess of $75,000. During a conversation on March 2, 2021, Plaintiff's counsel stated that Plaintiff would not stipulate that her alleged damages are $75,000 or less. (Lynch Affidavit ¶ 13, Ex. B); see Hogan v. Wal-Mart Stores East, L.P., No. 13-603S, 2014 WL 66658 at *6 (D.R.I. Jan. 8, 2014) (plaintiff's refusal to stipulate to damages of $75,000 or less prior to removal is "some evidence tipping the scale in favor of federal jurisdiction."); Jones v. Home Depot USA, Inc., C.A. No. 12-12202, 2013 WL 1282356 at *1 (D. Mass. March 29, 2013).

25. Therefore, Plaintiff's alleged injuries create a reasonable expectation that the amount in controversy will exceed the jurisdictional minimum of $75,000.

**ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

26. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendant is filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

27. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of New Hampshire, as the Complaint in this action was filed in the Superior Court of New Hampshire, Hillsborough County, Northern District.

28. Defendant will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the New Hampshire Superior Court for Hillsborough County, Northern District, as required by 28 U.S.C. § 1446(d).

29. In removing this action, Defendant does not intend to waive any rights or defenses to which it is otherwise entitled under the Federal Rules of Civil Procedure or applicable law.

30. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendant Dollar Tree Stores, Inc. respectfully requests that this action proceed in the United States District Court for the District of New Hampshire, as an action properly removed from state court.

          Respectfully submitted,
          Defendant,
          DOLLAR TREE STORES, INC.
          By its attorneys,


           /s/ Matthew J. Lynch
          Christopher G. Betke, N.H. Bar No. 18510
          Andrew R. Ferguson, N.H. Bar No. 266197
          Matthew J. Lynch, N.H. Bar No. 21184
          Coughlin Betke LLP
          175 Federal Street
          Boston, MA 02110
          (617) 988-8050
          cbetke@coughlinbetke.com
          aferguson@coughlinbetke.com
          mlynch@coughlinbetke.com


**CERTIFICATE OF SERVICE**

 I, Matthew J. Lynch, hereby certify that on March 5, 2021, I served a copy of this document upon all counsel of record via the court's electronic filing system and via e-mail to:

Ray Raimo, Esq.
Raimo & Gallagher, PC
62 Stark Street
Manchester, NH 03101
ray@raimogallagher.com


           /s/ Matthew J. Lynch
           Matthew J. Lynch, Esq.